UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON W. WIAND, as Receiver for
VALHALLA INVESTMENT PARTNERS,
L.P.; VIKING FUND, LLC; VIKING IRA
FUND, LLC; VICTORY FUND, LTD.;
VICTORY IRA FUND, LTD., AND
SCOOP REAL ESTATE, L.P.,

        Plaintiffs,

v.                                          Case No. 8:10-CV-75-T-17MAP

HENRY M. BUHL,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This case emanates from a Securities and Exchange Commission enforcement action aimed at dealing with the aftermath of a massive Ponzi scheme perpetrated by Arthur Nadel, a hedge fund manager.[1] The receiver appointed in that action, Burton W. Wiand ("Wiand") has sued numerous hedge fund investors, like Buhl, demanding the return of their "false profits" under the same two theories: the Florida Uniform Fraudulent Transfer Act ("FUFTA"; *see* Fla. Stat. 726.101, *et seq.*) and unjust enrichment.  Buhl has now moved to strike the amended complaint against him pursuant to Rule 12(f), claiming it fails to satisfy the requirements of Rule 15(a)(1)(B) in that it was filed more than 21 days after service of the Defendant's Rule 12(b) motion to dismiss the original complaint, and without consent of opposing party or leave of Court.  Alternatively, Buhl seeks to dismiss the amended complaint, claiming this Court lacks

---

[1] *See Securities and Exchange Comm. v. Arthur Nadel, et al.,* Case No. 8:09-cv-87-T-26TBM.

both personal jurisdiction and subject matter jurisdiction. After consideration, I recommend the motion to strike and/or dismiss the amended complaint (doc. 53) be DENIED. I further recommend that the Court allow the Amended Complaint to be filed pursuant to Rule 15(a)(2). In light of this recommendation, I also recommend that the motion to dismiss complaint pursuant to Rule 12(b) (doc. 29) and the motion to dismiss complaint for lack of subject matter jurisdiction (doc. 50) be DENIED as moot.[2]

*A. Background*

On January 21, 2009, the district judge in the enforcement action appointed Wiand as the receiver for various entities in receivership and directed him, *inter alia*, to "institute such actions and legal proceedings, for the benefit and on behalf of the Defendants and Relief Defendants and their investors and other creditors as the Receiver deems necessary…provided such actions may include, but not be limited to, seeking imposition of constructive trusts, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Florida Statute[s] § 726.101, et seq. or otherwise, rescission and restitution…" *Securities and Exch. Comm'n v. Nadel et al.*, No. 8:09-cv-87-T-26TBM, Doc. 8 at 2-3.[3] Following those instructions, Wiand initiated this action on January 12, 2010, to recover money transferred to Buhl from one of the receivership entities, asserting claims under the FUFTA and for unjust enrichment/false profits. Thereafter, Wiand learned of Buhl's sophistication and of his investment professional background, and on June 27, 2011, Wiand filed an amended complaint against Buhl, seeking recovery of *all* transfers Buhl

---

[2] Per 28 U.S.C. § 636 and Local Rule 6.01(b), the district judge referred these matters to me for report and recommendation.

[3] The district court judge reappointed Wiand on June 3, 2009 (Doc. 140).

received from the Hedge Funds (not just the false profits above Buhl's original investment as sought in the original complaint),

The relevant details of the money transfers at issue are straightforward. In December 2005, Buhl invested $500,000 in Valhalla Investment. (Doc. 51, exhibit A) On April 11, 2007, Buhl received distributions from his investment in the amount of $591,756.70. (Doc. 51, exhibit A) While the original complaint sought recovery of the $91,756.70 that Buhl received in excess of his $500,000 investment, the amended complaint seeks to recover the entire transfer of $591,756.70 in light of the "red flags" that Buhl knew or should have known.

*B. Motion to Strike*

Pursuant to Fed. R. Civ. P. 12(f), the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While courts generally disfavor motions to strike, if the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties, a court may grant the motion. *Ayers v. Consolidated Construction Services of SW Florida, Inc.*, 2007 WL 4181910 *1 (M.D. Fla. 2007) (*citing Beyher v. Trans World Airlines, Inc.,* 881 F.Supp. 574, 576 (M.D. Fla. 1995); *Scelta v. Delicatessen Support Servs., Inc.,* 57 F.Supp.2d 1327, 1347 (M.D. Fla. 1999) (*quoting Seibel v. Soc'y Lease, Inc.,* 969 F.Supp. 713, 715 (M.D. Fla. 1997) ("A motion to strike will ususally be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties."). Here, relying upon a single unpublished case from the Southern District of Ohio, Buhl seeks to strike the amended complaint because Wiand filed it too late (Wiand filed the amended complaint more than 21days after Buhl's March 7, 2011 motion to dismiss the original complaint). Citing to *Enyart v. Karnes,* 2010 U.S. Dist. Lexis 119478

(S.D. Ohio Nov. 9, 2010), Buhl contends that the appropriate remedy for the filing of an amended pleading out of time and without leave of court or consent is a motion to strike. Upon consideration, I agree that Wiand's amended complaint was filed after the time period set forth in Rule 15(a)(1)(B), however in light of the current posture of this case, the severity of striking a complaint in its entirety under Rule 12(f), and the fact that I recently entered an amended case management and scheduling order extending deadlines, I recommend that Wiand be permitted to amend the complaint pursuant to Rule 15(a)(2). This rule allows a party to amend its pleading by leave of court, and provides that "[t]he court should freely give leave when justice so requires." In light of this recommendation, I further recommend that the motion to strike be denied.

C. *Motions to dismiss*

1. *Subject matter jurisdiction*

Via its motion to strike, Buhl requests that if the Court determines it should not strike the amended complaint, it should dismiss the action for lack of subject matter jurisdiction. Buhl asserts that the amended complaint, like the original complaint, does not assert a federal cause of action, so as to bring this matter within the court's jurisdiction pursuant to 28 U.S.C. § 1331, and also fails to invoke jurisdiction on the grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332. In response, Wiand cites to numerous receivership cases that conclude that federal district courts have subject matter jurisdiction over state law claims brought by federal receivers in cases that are separate from the cases in which receivers are appointed. In short, this Court has jurisdiction because this proceeding is ancillary to the Securities and Exchange Commission's enforcement action against Arthur Nadel, the proceeding in which the receiver, Wiand, was appointed. The Supreme Court recognized over 100 years ago that "[w]hen an action or suit is

commenced by a receiver, appointed by a circuit court, to accomplish the ends sought and directed by the suit in which the appointment was made, such action or suit is regarded as ancillary so far as the jurisdiction of the circuit court ..." *Pope v. Louisville, N.A. & C. Ry.,* 173 U.S. 573, 577 (1899). *See generally Robb Evans & Assoc., LLC v. Holibaugh*, 609 F.3d 359, 363 (4th Cir. 2010) (finding that where district court appointed receiver to locate and collect asserts it specifically authorized the receiver to take necessary and appropriate action to collect receivership assets and that since the receiver's action against the defendant to collect receivership property was in furtherance of its duty to marshal assets, the action was "within the district court's ancillary jurisdiction recognized by the Supreme Court for over a century"); *Donnell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008) ("Although the Receiver only filed suit under a California statute, we have subject matter jurisdiction because this proceeding is ancillary to the SEC enforcement action"); *Scholes v. Lehmann,* 56 F.3d 750, 753 (7th Cir. 1995) (fraudulent conveyance action against Ponzi scheme investor, principal's former spouse, and religious organizations that received funds, court noted that "[f]ederal jurisdiction is based on the ancillary jurisdiction of the federal courts"). *See also Eberhard v. Marcu*, 530 F.3d 122, 128-29 (2d Cir. 2008) ("The Receiver may pursue in the district court all possible grounds for relief to the ownership of [the receivership entity]."); *Merrill Scott & Assoc., Ltd. v. Concillium Ins. Serv.,* 253 Fed. Appx. 756, 761 (10th Cir. 2007) ("Even though ... the cases on which the district court relied predate the supplemental jurisdiction statute, [movant] has raised no argument to persuade this court that it need not follow the principal announced in *Pope*, nor has he cited any authority contrary to *Pope*."); *American Freedom Train Foundation v. Spurney,* 747 F.2d 1069, 1073 (1st Cir. 1984) ("It is well established that a federal district court has subject matter

5

jurisdiction in ancillary actions brought in the court where the receiver is appointed 'to accomplish the ends sought and directed by the suit in which the appointment is made.'") (*quoting Pope v. Louisville New Albany & Chicago Ry. Co.*, 173 U.S. 573, 575 (1889)); *Haile v. Henderson Nat'l Bank,* 657 F.2d 816, 822 (6th Cir. 1981) ("district court has ancillary subject matter jurisdiction of every [ancillary] suit irrespective of diversity, amount in controversy or any other factor which would normally determine jurisdiction"); *Tcherepnin v. Franz*, 485 F.2d 1251, 1255-56 (7th Cir. 1973) ("So long as an action commenced by a court appointed receiver seeks to accomplish the ends sought and directed by the suit in which the appointment was made, such action or suit is regarded as ancillary so far as the jurisdiction of the court of the United States is concerned."); *Esbitt v. Dutch-Am. Mercantile Corp.,* 335 F.2d 141, 142 (2d Cir. 1964) ("If the receiver's suit is to aid in the accomplishment of the ends sought and directed in the SEC action, it is ancillary to the main action for jurisdictional purposes."); *Silver v. Hoffman,* 2007 WL 4482241, *2 (M.D. Fla. 2007) (finding subject matter jurisdiction where receiver brought ancillary action to SEC case over which the court had federal question jurisdiction). Accordingly, I find this Court has subject matter jurisdiction over this ancillary proceeding.

Alternatively, Wiand asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, despite Buhl's assertion that it does not, as he and Buhl are citizens of different states, and the amount in controversy exceeds $75,000. It is the citizenship of the receiver, not the citizenship of the entities in receivership, that controls in determining diversity of citizenship. *See Mitchell v. Maurer*, 293 U.S. 237, 242 (1934) (holding that in determining diversity of citizenship, "we necessarily treat the primary receivers as the plaintiffs"); *City of New Orleans v. Whitney,* 138 U.S. 595, 606 (1891) ("[W]e have repeatedly held that representatives may stand

6

upon their own citizenship in the federal courts irrespectively of the citizenship of the persons whom they represent, such as executors, administrators, guardians, trustees, receivers, etc."); *Clarkson Co., Ltd. v. Shaheen*, 544 F.2d 624, 628 (2d Cir. 1976) ("[T]he general common law rule [is] that courts will look to the citizenship of a trustee, administrator, or other representative, and not the party which he represents, in determining diversity jurisdiction."); *Nunn v. Feltinton*, 294 F.2d 450, 454 (5th Cir. 1961) (following *New Orleans, supra*); *Office of Atty. Gen v. Hess*, 2008 WL 4952477, *1 (S.D. Fla. 2008) ("A receiver's citizenship for diversity purposes is established by reference to his citizenship, not that of the corporations or persons whose interests he represents."); *Savino v. Gowing,* 2003 WL 21730177, *2 (W.D.N.Y. 2003) ("[O]nly the citizenship of a receiver is relevant; the citizenship of the persons or entities in receivership are not relevant for purposes of diversity jurisdiction."). Hence, I conclude that there is diversity of citizenship in this action because the receiver is a citizen of Pinellas County, Florida, and Buhl is a resident of New York, New York, and that subject matter jurisdiction is proper here pursuant to 28 U.S.C. § 1332.

*2. Failure to state a claims upon which relief may be granted*

Buhl asserts that the Complaint, and now the Amended Complaint, do not satisfy Fed.R.Civ.P. 8, 9(b), or 10. The Federal Rules of Civil Procedure generally do not require a plaintiff to set out in detail the facts upon which he bases his claim. Instead, all that ordinarily is required is that the claimant set forth a "short and plain statement of his claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957); Fed.R.Civ.P. 8(a)(2). Hence, while

7

a plaintiff attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, he is obliged to provide the "grounds" of his "entitlement to relief," more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Rule 9(b) states that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Courts relax Rule 9(b)'s heightened pleading requirement for plaintiffs who are trustees or receivers who are "third party outsiders to the fraudulent transactions" with only second-hand knowledge of the fraudulent acts. *See generally David M. Levine v. Walter Shacklett, et al.*, case no. 8:04-CV-1164-T-24EAJ (M.D. Fla. Feb. 4, 2005) (doc. 82, pp. 7-8) (order denying motion to dismiss, rejecting defendant's argument that rule 9(b) applies to fraudulent transfer claims); *Perlman v. Five Corners Investors I,* 2010 WL 962953, *4 (S.D. Fla. March 15, 2010) ("A fraudulent transfer claim, by contrast, involves a third-party defendant who has no relationship with the plaintiff, and thus the plaintiff usually has insufficient information to plead its claim with specificity. As a result, Rule 9(b)'s heightened pleading standard does not apply to claims brought under FUFTA."); *Steinberg v. A Analyst Limited et al.,* 2009 WL 806780, *3-4 (S.D. Fla. March 26, 2009) (recognizing that Rule 9(b) should not be applied to cases where violations of FUFTA are asserted because unlike common law fraud claims, fraudulent transfer claims are asserted against a person or entity that did not deal directly with the plaintiff in the challenged transaction and there for the plaintiff generally possesses little or no information about the alleged fraudulent transfer); *David Levine v. Manfred Schillinger, et al.*, 01-6849-CIV-RYSKAMP, at pp. 5-6 (S.D. Fla. Dec. 21, 2001). *See*

8

*also In re Bernard Madoff Inv. v. Securities LLC*, 445 B.R. 206 (S.D.N.Y. 2011) (finding trustee adequately pled claim to recover fraudulent transfers from subsequent transferee and that court only need apply a rule 8 analysis). Accordingly, I find Rule 9(b)'s heightened pleading requirement inapplicable to Wiand's FUFTA claims.

Moreover, I find that the Complaint and Amended Complaint both adequately state claims, including allegations showing that the receiver is entitled to relief, satisfying Rule 8's pleading requirements. Buhl contends the Complaint and Amended Complaint fail to satisfy Rule 10(b)'s requirement of stating claims in numbered paragraphs. I find the Complaint and Amended Complaint are both clear and that separate counts are unnecessary for two reasons: Buhl received only one single fraudulent transfer from Valhalla, and Nadel, according to Wiand, treated the Hedge Funds as a single source of money and commingled their funds.

### a. FUFTA

Buhl argues the FUFTA claims fails to state claims upon which relief may be granted because they do not allege what "claim" the unidentified "creditor" possesses against the unidentified "debtor." More specifically, Buhl maintains that the allegations fail to establish that the receiver or the receivership entities are "creditors" and if so, which entity is a "creditor" of whom. Upon review, I find that the allegations state a claim based on constructive fraud, and are pled with sufficient specificity. A transfer is fraudulent under a theory of constructive fraud if the transferor does not receive reasonable value in exchange and the transferor either (1) was engaged or was about to engage in a business or a transaction for which the remaining assets of the transferor were unreasonably small in relation to the business or transaction; (2) intended to, believed, or reasonably should have believed that he or she would incur debts beyond his or her

9

ability to pay them as they became due; or (3) was insolvent at the time of the transfer. See Fla. Stat. §§ 726.105(1)(b)(1)-(2) and 726.106(1). The Complaint and Amended Complaint sufficiently plead constructively fraudulent transfer claims because they allege neither the Hedge Funds nor any other person or entity received reasonably equivalent value in exchange for the Valhalla transfer to Buhl. Moreover, as a matter of law, a Ponzi scheme is insolvent from its inception, and the Complaint and Amended Complaint adequately allege the scheme, the perpetrator, the entities involved, insolvency, unreasonably few assets, and inability to pay debts.

*b. Failure to state a claim– unjust enrichment*

Buhl posits that the claims for unjust enrichment fail since the relationships between Valhalla and its investors, like Buhl, are governed by an express contract recognized already by the Securities Exchange Commission public record. However, I find that Buhl's cursory reference to the Limited Partnership Agreement incorporated into the Valhalla Confidential Private Placement Memorandum filed in Case No. 8:09cv87-T-26TBM (doc. 2-16, pp. 44-46) does not establish the existence of an express written contract between Valhalla and Buhl. Buhl is not a party to this document, and the document is not signed or otherwise executed. Moreover, because Buhl contests the existence of an express written contract, at this early juncture the claim should stand. Besides, alternative pleading is permitted by the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 8(a)(3) (relief sought "may include relief in the alternative or different types of relief"); Fed.R.Civ.P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency"); *Court-appointed Receiver of Lancer Management Group LLC v. Lauer,* 2008 WL 906274, *6 (S.D. Fla. 2008) ("Until an express contract is proven, a motion to dismiss a claim for unjust enrichment on these grounds is premature"); *Adelphia Cable*

*Partners, Inc. v. E & A Beepers Corp.*, 188 F.R.D. 662, 666 (S.D. Fla. 1999) (Federal Rules of Civil Procedure "do not prohibit the pleading of an equitable remedy alongside a claim for monetary remedy ... Although the equitable relief ultimately may not be awarded where there exists an adequate remedy at law, the [receiver] certainly may plead alternative equitable relief.").

### 3. *Personal jurisdiction*

Buhl argues this Court lacks personal jurisdiction over him because Wiand failed to satisfy the jurisdictional requirements set forth in 28 U.S.C. §§ 754 and 1692.[4] Section 754 requires that the receiver file the requisite documents with the United States Court for the Southern District of New York within ten days of the receiver's appointment. Here, Wiand was originally appointed as receiver on January 21, 2009. Wiand immediately seized control of the hedge funds and related entities in receivership and began his diligent investigation. The scheme's temporal size, length, and geographic scope has complicated that investigation. Wiand moved for reappointment in the SEC action, and on June 3, 2009, the court entered an order of reappointment. Thereafter, on June 11, 2009, Wiand filed the SEC's complaint and the order

---

[4] Buhl correctly notes that in order to establish personal jurisdiction over him, the receiver needs "authorization" to have Buhl served in New York, obviously outside the territorial boundaries of the Middle District of Florida. Rule 4(k)(1)(D) sets forth that service of a summons may establish personal jurisdiction "when authorized by a statute of the United States." The operative statute here, 28 U.S.C. § 1692, provides:
> In proceedings in a district court where a receiver is appointed for property, real, personal, or mixed, situated in different districts, process may issue and be executed in any such district as if the property lay wholly within one district, but orders affecting the property shall be entered of record in each of the districts.

To invoke 28 U.S.C. §1692, a receiver first must comply with 28 U.S.C. § 754 by "fil[ing] copies of the complaint and such order of appointment in the district court for each district in which property is located" ... "within ten days after the entry of his order of appointment."

reappointing him as receiver in the United States District Court for the Southern District of New York. Buhl maintains that Wiand's re-appointment is a "legal fiction" and that via 28 U.S.C. § 754 Congress expressly required that Wiand file the requisite papers with the New York court within ten days of his January 21, 2009, original appointment.

Wiand, in contrast, asserts that courts confronting this issue uniformly agree that § 754 is satisfied by re-appointment. *See Steinberg ex rel. Lancer Management Group LLC v. Alpha Fifth Group,* 2010 WL 1332844 (S.D. Fla. 2010) (stating order of reappointment and receivership order filed in S.D.N.Y. established personal jurisdiction by virtue of 28 U.S.C. §§ 754 and 1692 and the Court's powers of nationwide service of process under Rule 4(k)(1)(D); *Court Appointed Receiver of Lancer Management Group, LLC v. Lauer,* 2008 WL 906274, *3 (S.D. Fla. 2008) (*citing S.E.C. v. Vision Communications, Inc.,* 74 F.3d 287, 291) (D.D.C. 1996) (finding that receiver's filing of copy of reappointment was in compliance with 28 U.S.C. § 754 within ten days after reappointment in the Eastern, Middle, and Western Districts of Pennsylvania was effective to establish jurisdiction over any defendant who could be subject to the jurisdiction of a court of general jurisdiction in Pennsylvania); *Terry v. Walker*, 369 F.Supp. 2d 818, 820 (W.D. Va. 2005) (finding order of reappointment renews ten-day filing deadline from 28 U.S.C. § 754 "even without extraordinary circumstances"). I concur, finding that satisfaction of § 754 by re-appointment is consistent with Congressional intent and that Wiand satisfied § 754 requirements by timely filing the required documents with the Southern District of New York such that this Court has jurisdiction over the receivership property located in that district, including the money transferred to Buhl from Valhalla's account. Further, this Court obtained personal jurisdiction over Buhl upon service in accordance with Fed.R.Civ.P. 4.

*D. Conclusion*

For the foregoing reasons, it is hereby

RECOMMENDED:

1. Motion to Strike And/Or Dismiss Amended Complaint (doc. 53) be DENIED. To the extent that the motion seeks to strike the amended complaint (doc. 51) I recommend the motion be DENIED, and to the extent that the motion seeks to dismiss the amended complaint for the reasons raised in the prior filed motions to dismiss the original complaint (docs. 29 and 50) the motion be DENIED for the reasons set forth in this report. I further recommend that the Court allow the Amended Complaint to be filed pursuant to Rule 15(a)(2).

2. Motion to Dismiss Complaint Pursuant to Rule 12(b) (doc. 29) be DENIED as moot.

3. Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction (doc. 50) be DENIED as moot.

IT IS SO REPORTED at Tampa, Florida on November 3, 2011.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc: Hon. Elizabeth A. Kovachevich
 Counsel of Record