UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE BURTON W. WIAND, as Receiver for
VALHALLA INVESTMENT PARTNERS,
L.P.; VIKING FUND, LLC; VIKING IRA       Case No. 8:10-cv-75-T-17MAP, *et al.*[1]
FUND, LLC; VICTORY FUND, LTD.;
VICTORY IRA FUND, LTD., AND
SCOOP REAL ESTATE, L.P.,
_____/

## OMNIBUS ORDER

All the cases covered by this order are "clawback" actions initiated by Burton Wiand, the receiver appointed in a Securities and Exchange Commission enforcement action dealing with the aftermath of a massive ponzi scheme perpetrated by Arthur Nadel, a hedge fund manager.[2] Following the filing of the SEC's action and Wiand's appointment, Nadel pled guilty in the Southern District of New York to a fifteen count indictment charging him with securities fraud, mail fraud, and wire fraud surrounding the events precipitating the enforcement action. Wiand's primary claims in these clawback actions are for avoidance of fraudulent transfers under Florida's Uniform Fraudulent Transfer Act, Fla. Stat. §§ 726.101, *et seq.* ("FUFTA"), grounded on the same illegal scheme the indictment tracks. In view of Nadel's guilty plea, Wiand moves for partial summary judgment in all these cases arguing

---

[1] The specific cases covered by this omnibus order are listed in appendix A which is attached. Any references to document numbers or exhibits are to those appearing in the lead case, 8:10-cv-75-T-17MAP, unless otherwise noted.

[2] *See SEC v. Arthur Nadel, et al.,* Case No. 8:09-cv-87-T-26TBM.

the Defendants are "precluded from litigating facts necessarily established" by that plea.[3] *See* doc. 39 at 10. Hence, no material dispute of fact should exist that Nadel operated the hedge funds as a ponzi scheme from their inception and that every transfer Nadel made during the scheme's operative period Nadel made with the actual intent to hinder, delay, or defraud the creditors of the funds. The Defendants oppose Wiand's motion for summary judgment for a variety of reasons. As the district judge has referred these matters to me for a report and recommendation, I have considered Wiand's omnibus motion and the responses. Because I find the parties have not addressed what I consider the core demands imposed by Rule 56, I will defer issuing a report and recommendation on Wiand's omnibus motion for partial summary judgment so that the parties can conduct further discovery, which is the refrain some Defendants make in their responses. *See* Fed. R. Civ. P. 56(d). Wiand and the Defendants may supplement their summary judgment pleadings accordingly. But in anticipation of these supplements, and in the spirit of Fed. R. Civ. P. 1, the parties may find it helpful to have my current views of the issues Wiand's omnibus motion presents.

   A. *Preclusive Effect*

Wiand argues that Nadel's guilty plea carries "preclusive effect" and prohibits the Defendants from re-litigating facts Nadel's guilty plea established. Wiand's theory for this, based on his reading of the case law he gives in support, rests on preclusion grounded on

---

[3] Wiand's motion is styled as an "omnibus motion," and he has filed the same motion in each case listed in appendix A. In short, Wiand says his arguments apply uniformly to all these cases; accordingly, he has not distinguished one case from another.

collateral estoppel or some stand-alone doctrine of preclusion. *See, e.g.*, doc. 39 at 10 n. 3. I find his legal support for the proposition unpersuasive.

*Res judicata* comes in two forms: claim preclusion (traditionally referred to as "*res judicata*") and issue preclusion (traditionally known as "collateral estoppel"). *Community State Bank v. Strong*, 651 F.3d 1241, 1263-64 (11th Cir. 2011). Here, Wiand seems to advance a form of offensive collateral estoppel.[4] Almost all the cases Wiand cites, however, arise in the bankruptcy context where the convicted ponzi schemer or fraudster is also the debtor in the bankruptcy proceedings. That model is inapplicable here. Nadel is not party to the clawback actions, and the Defendants obviously were not defendants in Nadel's criminal action. To preclude these Defendants from being heard on the factual matters raised in their respective cases would violate due process. *Parklane Hosiery*, 439 U.S. at 327 n.7 ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard."). *See also Taylor v. Sturgell*, 553 U.S. 880, 892-904 (2008).[5]

---

[4] Offensive collateral estoppel occurs when a plaintiff seeks to foreclose the defendant from litigating an issue the defendant previously litigated unsuccessfully in an action with another party. *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326-27 (1979). A trial court has "broad discretion" to determine if it should be applied. *Id.* at 331.

[5] The Eleventh Circuit identifies four prerequisites for issue preclusion: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have actually been litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding. *I.A. Durbin v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986). Although some Defendants argue Wiand

*B. Fed. R. Civ. P. 56(g)*

While I find Wiand's preclusive-effect arguments unavailing, that does not mean that Wiand's partial summary judgment motion should automatically be rejected. Rule 56(g) provides that a court "may enter an order stating any material fact – including an item of damages or other relief – that is not genuinely in dispute and treating the fact as established in the case." The standard for Rule 56(g) is the same used for summary judgment on the merits. *See* Fed. R. Civ. P. 56 advisory committee note to 2010 amendments. Hence, a court may only consider "that evidence which can be reduced to an admissible form," *Rowell v. BellSouth Corp.,* 433 F.3d 794, 800 (11th Cir. 2005); if the moving party makes the required showing, the burden shifts to the non-moving party to rebut that showing by producing counter-evidence in admissible form, *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); and the existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion unless the dispute presents a "*genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). Wiand's motion for partial summary judgment, although not citing Rule 56(g), clearly covers the rule. In conformance with the rule, he supports his motion with an affidavit from his counsel that includes several exhibits: Nadel's letters and memos, the indictment, Nadel's guilty plea transcript, Nadel and the government's plea agreement letter, the government's sentencing memorandum, and Nadel's criminal judgment. Some, like

---

cannot meet the first three demands, a matter I need not consider for purposes of this limited order, it is clear that Wiand cannot meet the last factor.

4

Nadel's letters and memos, are not evidentiary for Rule 56 purposes; others, like Nadel's criminal judgment, are. Of particular evidentiary significance is Nadel's criminal judgment. Because his conviction is inextricably related to the elements in Wiand's causes of actions against the Defendants, Wiand's submission of Nadel's criminal judgment imposes a reciprocal evidentiary obligation on the Defendants per Rule 56(e)(2): if a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may "consider the fact undisputed for purposes of the motion." *See also Celotex,* 477 U.S. at 324 (if the moving party makes the required showing, the burden shifts to the non-moving party to rebut that showing by producing counter-evidence in admissible form). As of yet, no Defendant counters Wiand's motion as Rule 56(c)(1)(A) allows.[6]

   *1. Nadel's letters and personal memos*

As Wiand must present evidence which can be reduced to an admissible form, I do not view Nadel's letters or memos suitable. To the extent Nadel makes statements against his interests in these documents, those statements are hearsay and their admission at any trial would be dependent upon Wiand satisfying the predicate requirements of Fed. R. Evid. 804(b)(3) (statement against interest). In sum, Wiand would have to show Nadel was unavailable as a witness under Rule 804(a) (defining unavailability). Wiand has not shown that. That Nadel's incriminatory statements would have been admissible against him in his

---

[6] I recognize that some Defendants dispute the premises to Wiand's partial summary judgment motion – that FUFTA applies or that Nadel's admission to committing securities, mail, and wire fraud satisfies FUFTA's intent requirements. I need not address these issues for purposes of this limited order.

5

criminal prosecution as admissions per Fed. R. Evid. 801(d)(2)(A) is irrelevant as Nadel is not a party in the clawback actions. Similarly, Nadel's self-serving statements in his letters and memos (*i.e.*, he had no criminal intent in the beginning or he intended to trade legitimately) are not available to the Defendants because they are hearsay.[7]

The government's sentencing memorandum is also inadmissible hearsay and therefore inappropriate per Rule 56(c)(4). But the Defendants would be wise to take note of its contents. The memorandum strongly forecasts to the Defendants the proof Wiand has available. And ultimately just about every trial is a contest about proof.[8]

### 2. *Nadel's criminal judgment*

Nadel's criminal judgment and the events surrounding it (his plea colloquy and plea agreement) are different matters. Wiand first looks to Nadel's plea of guilty to all the counts in the indictment and argues that a defendant who pleads guilty to an indictment "necessarily admits all the facts alleged in it." *See* doc. 39 at p. 12 (citing *McCarthy v. United States*, 394 U.S. 459, 466 (1969)). The indictment, however, is not evidence. *United States v. Strauss*, 678 F.2d 886, 890 (11th Cir. 1982); *Scholes v. African Enterprises, Inc.,* 854 F.Supp. 1315,

---

[7] Indeed, Nadel's self-serving statements would have been inadmissible in *his* criminal case had he attempted to use them at a trial. *See e.g., United States v. Willis,* 759 F.2d 1486, 1501 (11th Cir. 1985).

[8] In the typical civil case, the parties begin the discovery phase surmising each other's version of the case. Here, the Defendants have access to an *adjudicated* record that relates directly to the cause of action they are to defend. That is a proposition the Defendants cannot ignore. Wiand's Rule 56 submissions, even his non-evidentiary ones, are akin to an evidentiary iceberg. Wiand gives the Defendants a glimpse of the evidence from the adjudicated record; but what that record portends is what looms for every Defendant.

6

1324 (N.D. Ill. 1994) (indictment not evidence and would not be relied upon by the court as evidence in regards to summary judgment motion), *aff'd sub nom. Scholes v. Lehmann*, 56 F.3d 750 (7th Cir. 1995). Besides, that is not what *McCarthy* says. *McCarthy*, which dealt with the Fed. R. Crim. P. 11 procedure a court must follow when accepting a guilty plea, noted that "a guilty plea is an admission of all the *elements* of the formal criminal charge." *Id.* (emphasis added). That proposition differs significantly from Wiand's contention, and *McCarthy* has no particular relevance here.[9]

Nadel's plea transcript, however, is appropriate for summary judgment consideration either under Fed. R. Evid. 807 or as a declaration or deposition for purposes of Rule 56(c). In short, the plea transcript carries a heightened standard of reliability and trustworthiness. *See In re Slatkin*, 525 F.3d 805, 812 (9th Cir. 2008) (applying Rule 807's residual hearsay exception due to plea agreement's probative value and trustworthiness); *Scholes v. Lehmann*, 56 F.3d 750, 762 (7th Cir. 1995) (a defendant's admissions in a guilty plea proceeding and in a plea agreement that is part of the guilty plea carry "veracity safeguards" exceeding a deposition). The same would be true for Nadel's sentencing hearing transcript, although Wiand does not include it with his motion.

Particularly significant is Fed. R. Evid. 803(22)(C)'s application, which Wiand does

---

[9] A year after *McCarthy*, the Supreme Court decided *North Carolina v. Alford,* 400 U.S. 25 (1970). *Alford* recognized that defendants in criminal cases may plead guilty despite protestations of innocence, and a judge can constitutionally accept such a plea as long as the judge finds the defendant is making a voluntary and intelligent choice among alternative courses of action and a factual basis supports the plea.

not address. That rule, which applies irrespective of the declarant's availability, states that evidence of a final judgment of conviction based on a guilty plea is admissible if the evidence is admitted to prove "any fact essential to the judgment." *See Scholes v. Lehmann,* 56 F.3d at 762 (applying rule in clawback action at summary judgment stage).[10] Of particular evidentiary significance, which none of the parties mention, is the judgment's order directing Nadel to pay $174,930,211.07 in restitution. This figure, which corresponded to the loss calculation for guideline sentencing purposes, covers losses the fraud victims incurred from 1999 to 2009.[11] So too is the amount Nadel forfeited to the government ($162 million).[12]

---

[10] Per Rule 803(22)'s advisory committee note, "[w]hen the status of a former judgment is under consideration in subsequent litigation, three possibilities must be noted: (1) the former judgment is conclusive under the doctrine of res judicata, either as a bar or a collateral estoppel; or (2) it is admissible in evidence for what it is worth; or (3) it may be of no effect at all … The rule does not deal with substantive effect of the judgment as a bar or collateral estoppel. When, however, the doctrine of res judicata does not apply to make the judgment either a bar or a collateral estoppel, a choice is presented between the second and third alternatives. The rule adopts the second for judgments of criminal conviction of felony grade."

[11] From the government's sentencing memorandum (by its silence on the issue), it appears that Nadel did not contest the probation officer's loss calculations as set out in the presentence report. Fed. R. Crim. P. 32(c)-(f). The presentence report and any addendum to it serve the same purpose as a pretrial stipulation in a civil bench trial, with the report setting out the factual and legal backdrop for the upcoming sentencing hearing and the addendum listing the disputed factual and legal issues that the court must decide. *United States v. Wise,* 891 F.2d 970, 972 (11th Cir. 1989). Nadel's failure to object acknowledged the accuracy of the probation officer's loss calculation. Of course the sentencing transcript would clearly speak to this issue as would the forensic accounting proof supporting the loss calculations.

[12] Of particular note in criminal forfeitures like Nadel's is the relation-back doctrine, which operates retroactively to vest title in the government effective as of the time of the act

8

Both amounts are dependent on facts essential to their calculations.

The statutory sentencing scheme enforces the adjudicatory effect to be given to the restitution order. For example, 18 U.S.C. § 3664(*l*) provides:

> A conviction of a defendant for an offense involving the act giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal or State civil proceeding, to the extent consistent with State law, brought by the victim.[13]

And per 18 U.S.C. § 3664(m)(1)(B), at the request of a victim named in the restitution order, the clerk is required to issue an abstract of judgment certifying the judgment in the victim's favor as noted therein and thereby allowing the victim to enforce the judgment as a lien on property of the defendant. The upshot of Rule 803(22) is that the Defendants are not looking at a blank summary judgment slate.

*C. Conclusion*

That Nadel's letters, memos, his indictment (standing alone), and the government's memorandum are inappropriate considerations for summary judgment purposes are minor

---

giving rise to the forfeiture. *United States v. Bailey*, 419 F.3d 1208, 1213 (11th Cir. 2005). *See also United States v. 92 Buena Vista Ave.,* 507 U.S. 111, 125 (1993). Wiand does not include the forfeiture order issued by the court in the Southern District of New York.

[13] Although I find no cases interpreting 18 U.S.C. § 3664(*l*), the provision should be read to implement issue preclusion or collateral estoppel principles. In any event, its strict wording limits it to suits initiated by a "victim." Despite Wiand's fiduciary obligations to the receivership estate, which serves to compensate Nadel's victims, Wiand is not technically a "victim." But the practical effect of Nadel's conviction is that Nadel will not be able to deny essential facts that his judgment necessarily incorporates. *Scholes v. Lehmann*, 56 F.3d at 762 (when considering summary judgment motion, a witness should not be permitted by a subsequent affidavit to retract admissions made in plea agreement).

obstacles. Nadel's criminal conviction, and the facts it necessarily embraces, not to mention the accessible proof available from that prosecution, are convincing evidentiary hurdles Wiand puts out for the Defendants to meet. In the final analysis, Rule 56(g) speaks to facts and the weight of the evidence supporting those facts. For all these reasons, it is hereby

ORDERED:

1. The Court's consideration of Wiand's omnibus motion for partial summary judgment filed in the cases listed in appendix A to this order is DEFERRED per Rule 56(d)(1) and (e)(4).

2. Wiand may supplement his omnibus motion in these cases with any additional Rule 56(c) material by March 2, 2012.

2. The Defendants may supplement their responses to Wiand's partial summary judgment motion with any Rule 56(c) material by April 30, 2012.[14]

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[14] I am cognizant that the discovery periods in all these cases extend beyond April 30, 2012. Nonetheless, the issue Wiand's motion for partial summary judgment presents as to each Defendant is discrete and narrow, although admittedly central to each Defendant's case. I am also aware that the Defendants in the following cases did not respond to Wiand's partial summary judgment motion: *Wiand v. John V. Cloud,* Case No. 8:10-cv-149-T-17MAP; *Wiand v. Diana Cloud*, Case No. 8:10-cv-150-T-17MAP; and *Wiand v. John V. Cloud and Catherine Cloud as Co-Trustees of Mary Anne Cloud Revocable Trust*, Case No. 8:10-cr-165-T-17MAP. As to these cases, I issued an order in each indicating that if these Defendants did not respond on or before December 16, 2011, I would consider the summary judgment record fully briefed and the receiver's motion unopposed. Given that I am permitting the receiver to supplement his omnibus motion, it is only appropriate to give these Defendants the opportunity to respond by April 30, 2012. *See* Rule 56(e).

## APPENDIX A

| CASE NUMBER | DEFENDANT(S) | MOTION |
|---|---|---|
| 8:10-CV-75-T-17MAP | Henry M. Buhl | Doc. 39 |
| 8:10-CV-92-T-17MAP | Dancing $, LLC | Doc. 30 |
| 8:10-CV-149-T-17MAP | John V. Cloud | Doc. 30 |
| 8:10-CV-150-T-17MAP | Diana W. Cloud | Doc. 26 |
| 8:10-CV-165-T-17MAP | John V. Cloud and Catherine S. Cloud, as Co-Trustees of the Mary Anne Cloud Revocable Trust dtd 03/13/1987 | Doc. 31 |
| 8:10-CV-166-T-17MAP | Brian L. Meeker, as Trustee for the Brian L. Meeker Trust dtd 12/06/1991 | Doc. 27 |
| 8:10-CV-205-T-17MAP | Samuel Ross Morgan, III | Doc. 21 |
| 8:10-CV-210-T-17MAP | Vernon M. Lee, Individually and as Trustee of the Vernon M. Lee Trust | Doc. 49 |
| 8:10-CV-233-T-17MAP | Steve Ellis | Doc. 37 |
| 8:10-CV-241-T-17MAP | EFG BANK f/k/a EFG PRIVATE BANK SA; D&E UNIT TRUST ASSOCIATES | Doc. 34 |
| 8:10-CV-245-T-17MAP | Donald Rowe, individually and as Trustee of The Wall Street Digest Defined Benefit Pension Plan; Joyce Rowe; Carnegie Asset Management, Inc. a/k/a Carnie Asset Management, Inc. | Doc. 40 |

| | | |
|---|---|---|
| 8:10-CV-246-T-17MAP | Frank J. Dewane, Bishop, as corporation sole of the Diocese of Venice in Florida; Diocese of Venice in Florida, an unincorporated religious organization | Doc. 44 |
| 8:10-CV-247-T-17MAP | Catholic Charities, Diocese of Venice, Inc. | Doc. 44 |
| 8:10-CV-248-T-17MAP | Sarasota Opera Association, Inc. | Doc. 45 |