UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON W. WIAND, as Receiver for
VALHALLA INVESTMENT PARTNERS,
L.P.; VIKING FUND, LLC; VIKING IRA
FUND, LLC; VICTORY FUND, LTD.;
VICTORY IRA FUND, LTD., AND
SCOOP REAL ESTATE, L.P.,

        Plaintiffs,

v.                                            Case No. 8:10-cv-75-T-17MAP

HENRY M. BUHL,

        Defendant.
_____/

## ORDER

BEFORE THE COURT are the Receiver's motion to compel testimony (doc. 101) and Receiver's motion to compel and/or for an order to show cause as to why additional sanctions should not be imposed against Defendant for failure to comply with this Court's order dated March 2, 2012 (doc. 102). Both motions seek imposition of sanctions for Defendant's failure to comply with Court orders and discovery. The Receiver seeks to compel the Defendant to provide testimony and produce documents relevant to the Receiver's claims under FUFTA, Fla. Stat. § 726.101 *et seq.,* and for unjust enrichment to recover transfers of Receivership Entities' assets to Defendant.[1] Specifically, the Receiver seeks documents relating to the Defendant's investment in Lancer Partners, L.P. from 1998-2000, which was found to be a Ponzi scheme and the subject of an enforcement action filed

---

[1] The Receiver's Amended Complaint in this action seeks recovery of *all* transfers, not just false profits, and the documents requested are relevant to the issue of whether Defendant acted in good faith in connection with his investments in Valhalla.

in 2005 by the SEC. Further, the Receiver seeks testimony concerning the Defendant's tenure as a senior executive and director of Investors Overseas Services ("IOS"), a large European-based investment fund company that collapsed in the early 1970's, and following its collapse, was sued by the SEC which sought injunctive relief for alleged violations of the anti-fraud, filing, and proxy provisions of federal securities laws. The Receiver asserts the requested testimony and documents are relevant to the issue of whether the Defendant, in light of his financial sophistication and professional investment background, should have recognized "red flags" associated with Nadel's scheme.

In response, the Defendant states that it has complied with the Receiver's discovery requests and this Court's prior discovery order, and has produced *all* documents and information in his possession (more than 1,200 pages) within the scope of discovery with one exception; he has declined to produce documents and information related to the IOS SEC matter as permitted by Fed.R.Civ.P. 30(d)(3)(a).[2] After consideration, for the reasons stated in the Defendant's memorandum of law and in light of the scope of discovery per Rule 26(b)(1), the Receiver's motions are denied. Accordingly, it is hereby

ORDERED:

1. The Receiver's motions to compel testimony and sanctions (doc. 101) and to compel and/or for an order to show cause as to why additional sanctions should not be imposed against

---

[2] In his memorandum of law, the Defendant refers to the IOS SEC matter as the Vesco matter, as Robert Vesco controlled IOS and the SEC complaint named Vesco as the primary defendant. *See* doc. 104.

Defendant for failure to comply with this Court's order dated March 2, 2012 (doc. 102) are DENIED.

DONE AND ORDERED in Tampa, Florida, on July 18, 2012.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE